**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-0222** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **TEXROY JOSEPH ELLIOTT** | : | |

**MEMORANDUM**

Presently before the court is defendant's motion (Doc. 74) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Defendant claims that his sentence was illegal because he was denied to a two-point reduction in offense level for acceptance of responsibility and because calculation of his criminal history category improperly added one point for a prior offense.  (Doc. 82 at 3.)  He further claims that he should be released because he was tried pursuant to an invalid indictment and that his counsel was ineffective assistance for failure to raise these claims at his sentencing.  The record conclusively rebuts defendant's claims, and the court will deny defendant's motion.

**I.    Procedural History**

On August 5, 1996 defendant was sentenced in state court for three counts of possession with intent to distribute cocaine base and two counts of conspiracy.  Federal deportation proceedings followed, and defendant was deported on October 25, 2001.  He subsequently returned to the United States and was convicted

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

of illegal reentry in February 2005.[2]  (Doc. 58.)  Defendant appealed to the United

States Court of Appeals for the Third Circuit, which affirmed the conviction and

sentence.  (Doc. 71.)  He then commenced the instant § 2255 motion (Doc. 74), to

which the United States filed a brief in opposition (Doc. 88).  The motion has been

fully briefed and is ripe for disposition.

## II.   Discussion

In the instant case, defendant asks the court to "vacate, set aside, or correct

[his] sentence" based on allegations that his guideline range was miscalculated

under §§ 3E1.1 and 4A1.2 of the United States Sentencing Guidelines.  He also seeks

relief on the grounds that the indictment against him was invalid and that he

received ineffective assistance of council.[3]

### A.   Challenge under Guidelines § 3E1.1

Defendant claims that his offense level should have been reduced by two

points for acceptance of responsibility under Sentencing Guidelines § 3E1.1.  That

section authorizes a two-point reduction in offense level if a defendant clearly

accepts responsibility for the defendant's criminal activity.  The commentary to

§ 3E1.1 elaborates:

---

[2] See 8 U.S.C. § 1326(b)(2) ("[A]ny alien [who has been deported and who reenters the United States while an order of deportation is outstanding] . . . whose removal was subsequent to a conviction of an aggravated felony . . . shall be fined . . . , imprisoned not more than 20 years, or both[.]")

[3] Defendant's motion originally included a claim concerning the validity of the jury instructions that defendant has since withdrawn.  (Doc. 82 at 11-12.)

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.  Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction.  In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.2 (2007).  Hence, defendant may qualify for the reduction when trial is necessary to assert a collateral challenge unrelated to factual guilt.

Defendant's avowed reason for going to trial was "to preserve the collateral issue of the validity of his prior deportation order." (Doc. 82 at 5).  However, the government filed a motion in limine to exclude evidence at trial regarding the deportation order because defendant had the right to direct appeal within the context of his deportation proceedings.  He neglected to pursue a direct appeal, which the United States asserted as a waiver of collateral challenges to the order.  This court granted the motion in limine, and the Third Circuit upheld the court's ruling.  (See Doc. 71-2 at 2-3.)  Defendant's trial served only to adjudicate his guilt.  Thus, defendant was properly denied a two-point reduction for acceptance of responsibility.

**B.**    **Challenge under Guidelines § 4A1.1**

Defendant next alleges that one point was erroneously added to his criminal history computation based on a prior misdemeanor conviction for possession of a small amount of marijuana.  At sentencing, the court found that defendant had a total of eleven criminal history points, including one point for the marijuana conviction.  This placed him in Criminal History Category V under the Sentencing Guidelines.  Assuming, *arguendo*, that the court would look favorably on defendant's contention, he would receive a total of ten criminal history points, with which he would remain in Criminal History Category V.  Defendant's challenge to the computation of his criminal history points has no effect on the Guidelines calculation.  Accordingly, the court will deny the motion with respect to defendant's claim of error in the calculation of his criminal history score.[4]

---

[4]A review of the record confirms that defendant's criminal history points were calculated accurately.  Section 4A1.1 of the Sentencing Guidelines outlines the general apparatus for calculating criminal history points.  Section 4A1.2 contains exclusions from the calculation and specifically exempts certain minor offenses from which a defendant received minimal incarceration or probation.  To qualify for this exclusion, an offense must be enumerated in § 4A1.2(c).  See U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(c).

Defendant claims that his marijuana offense should have been omitted from his criminal history assessment pursuant to § 4A1.2(c) because he received no imprisonment or probation for it.  However, drug possession does not appear as an enumerated offense and is therefore ineligible for exemption under § 4A1.2.  Hence, defendant was properly assigned one point for his prior sentence for possession of a small amount of marijuana pursuant to the calculation provisions of § 4A1.1(c).

### C.    **Validity of Defendant's Indictment**

Defendant next alleges that his indictment was invalid because it was not signed by twelve grand jury members.  Contrary to defendant's contention, the only required grand juror signature on the indictment is that of the grand jury foreperson, which attests to the concurrence of at least twelve grand jurors.  See United States v. Cox, 342 F.2d 167, 171-172 (5th Cir. 1965); see also FED. R. CRIM. P. 6(c) ("The foreperson may administer oaths and affirmations and will sign all indictments.").  Additionally, the "foreman's duty to sign the indictment is a formality, and the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."  United States v. Willaman, 437 F.3d 354, 360 (3d Cir. 2006) (quoting Hobby v. United States, 468 U.S. 339, 354 (1984)).  Moreover, in the instant case, the grand jury foreperson clearly signed defendant's indictment.  Any challenge to its sufficiency based on alleged signature deficiencies rings hollow, and defendant's motion must fail on this ground.

### D.    **Ineffectiveness Assistance of Counsel**

Defendant lastly alleges that he was denied effective assistance of council because his attorney failed to pursue the claims addressed above.  The test for ineffective council consists of two components:

> First, the defendant must show that counsel's performance fell below an objective standard of reasonableness and, second, the defendant must show he was actually prejudiced by counsel's deficient performance.  A defendant asserting an ineffectiveness claim must

prove both elements in order for the court to conclude that the
conviction is unreliable.

Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) (citation omitted) (citing

Strickland v. Washington, 466 U.S. 668, 687-688 (1984)).  The reasonableness

component has been elucidated thus:

> A fair assessment of attorney performance requires that every effort be
> made to eliminate the distorting effects of hindsight, to reconstruct the
> circumstances of counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.  Because of the
> difficulties inherent in making the evaluation, a court must indulge a
> strong presumption that counsel's conduct falls within the wide range
> of reasonable professional assistance; that is, the defendant must
> overcome the presumption that, under the circumstances, the
> challenged action "might be considered sound trial strategy."

Id. (citing Strickland, 466 U.S. at 689).  Under this deferent standard, a defendant

cannot predicate alleged ineffectiveness on an attorney's failure to pursue a

meritless claim during the course of a developing case.  Id. at 203-04 (citing

Strickland, 466 U.S. at 690 (1984)).  The prejudice component of an ineffective

assistance claim requires the defendant to demonstrate "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome."  Id. (citing Strickland v. Washington, 466

U.S. 668, 694 (1984)).

In defendant's case, the court finds that each of defendant's asserted bases

for relief lack merit.  The court's pre-trial exclusion of evidence regarding the

sufficiency of defendant's deportation order prevented defense counsel from

challenging the deportation order at trial.  In addition, as set forth above,

defendant's objection to the calculation of his criminal history points is meritless.

Likewise, defendant's technical challenge to the validity of the indictment is

unavailing.  Defendant's counsel acted reasonably when he omitted to raise the

arguments presently advanced by defendant because applicable professional

standards do not require an attorney to assert these frivolous claims.  Moreover,

defendant has suffered no prejudice because none of these positions would have

affected the outcome of his proceeding.  Accordingly, defendant's request for relief

based on the purported ineffective assistance of counsel will be denied.

**III.**    **Conclusion**

For the forgoing reasons, defendant's motion (Doc. 74) will be denied.  An

appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      February 28, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-0222** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **TEXROY JOSEPH ELLIOTT** | : | |

## ORDER

AND NOW, this 28th day of February, 2008, upon consideration of

defendant's motion (Doc. 74) to vacate, set aside or correct his sentence pursuant to

28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it

is hereby ORDERED that:

     1.     Defendant's motion (Doc.  74) is DENIED.

     2.     A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

     3.     The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge