IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:03-CR-0222 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TEXROY JOSEPH ELLIOTT** | : | |

## **ORDER**

AND NOW, this 28th day of January, 2009, upon consideration of defendant's motion (Doc. 90) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and it appearing that upon receipt of a § 2255 motion the court "must promptly examine it" and must dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief," R. GOVERNING § 2255 CASES R. 4(b), and it further appearing that defendant previously filed a § 2255 motion (Doc. 74),[1] that the court disposed of defendant's motion on February 28, 2008, (see Doc. 89), and that a defendant filing a second or successive § 2255 motion must "move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A), see also id. § 2255(h), and the court concluding that "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of

---

[1] On August 9, 2007, the court informed defendant that "[i]f you elect to have your motion construed and ruled upon as one under 28 U.S.C. § 2255, you may lose your right to file second or successive motions to correct or vacate your sentence, even if those motions raise claims not presented in the motion currently before the court." (Doc. 76 at 3.) Defendant subsequently requested that the court rule upon his motion under § 2255. (Doc. 78.)

appeals," Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) (applying § 2244 to a successive petition filed under 28 U.S.C. § 2254); see also 28 U.S.C. § 2255(h) (stating that § 2244 controls successive motions under § 2255), and that defendant has not petitioned the appropriate court of appeals for leave to file a second or successive § 2255 motion,[2] it hereby ORDERED that:

1. Defendant's motion (Doc. 90) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED without prejudice to his right to petition the United States Court of Appeals for the Third Circuit for permission to file a second or successive motion under § 2255.  See R. GOVERNING § 2255 CASES R. 4(b).

2. The Clerk of Court is instructed notify defendant of this disposition.  See id.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2] Defendant predicates his § 2255 motion in part upon United States v. Booker, 543 U.S. 220 (2005), arguing that he "was sentenced under the [United States Sentencing Guidelines], which at all times were understood to be binding and mandatory on the sentencing court."  (Doc. 90 at 2.)  Were the court to construe defendant's § 2255 as a motion for resentencing under Booker, his request would nevertheless be denied.  Defendants' sentencing was held on May 12, 2005, (see Doc. 65 at 1), four months after the Supreme Court issued Booker, see Booker, 543 U.S. at 220.  During the hearing, defendant's counsel "note[d] to the court that the guidelines are advisory in this case under The United States vs. Booker, and . . . ask[ed] the court to give the most lenient sentence the court deems possible."  (Doc. 65 at 26.)  The court then imposed a sentence of one hundred months' imprisonment, reiterating that it was "cognizant of the advisory nature of the United States Sentencing Guidelines."  (Id. at 31.)  Hence, defendant cannot invoke Booker to obtain relief from his sentence.